IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Garcia,<br><br>        Plaintiff,<br><br>v.<br><br>Jade Health and Wellness LLC, et al.,<br><br>        Defendants. | No. CV-25-02010-PHX-MTM<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment. (Doc. 13.) This Report and Recommendation is filed pursuant to General Order 21-25.[1] The Court will recommend that Plaintiff's Motion be granted.

---

[1] General Order 21-25 states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee.
> . . .

I.   **Background**

On June 10, 2025, Plaintiff Kathleen Garcia filed a Complaint against Defendants Jade Health and Wellness LLC, and Courtney Gaines Smith and Apollo Smith (husband and wife) (collectively, "Defendants" or "Jade Health and Wellness") seeking unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA"), and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA"). (Doc. 1.) In her Complaint (Doc. 1), Plaintiff alleges the following, in pertinent part:

- Defendant Jade Health and Wellness LLC is a limited liability company licensed to transact business in the State of Arizona. Defendant Jade Health and Wellness LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona. Defendant Jade Health and Wellness LLC owned and operated as "Jade Health and Wellness," a mental health and drug rehabilitation services company doing business in Maricopa County, Arizona.

- Defendants Courtney Gaines Smith and Apollo Smith are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Courtney Gaines Smith and Apollo Smith are owners of Jade Health and Wellness.

- On or about January 31, 2025, Plaintiff began working for Defendants under the job title of "house manager." Plaintiff, in her work for Defendants, was compensated, or supposed to be compensated, at a regular rate of $500 per week, regardless of the number of hours Plaintiff actually worked, and regardless of whether she worked in excess of 40 hours in a given workweek. Plaintiff worked for Defendants through approximately March 22, 2025, when Defendants terminated her employment.

- Plaintiff conservatively estimates that she generally worked between 80 and 100 hours or more per week. Plaintiff conservatively estimates that, in the eight workweeks of her employment, she worked approximately between 560 and 700 hours or more for Defendants. On April 5, 2025, Defendants paid Plaintiff $300. On April 8, 2025, Defendants paid Plaintiff $200. On April 26, 2025, Defendants paid Plaintiff $100. Beyond the $600, Defendants did not compensate Plaintiff any wages whatsoever for the entire eight-week duration of her employment with Defendants.

- As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a). As

- a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

- During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a). At all relevant times, Plaintiff worked approximately between forty (40) and sixty (60) hours of overtime per week.

On June 28, 2025, the summons and copies of the Complaint were personally served on Defendant Courtney Gaines Smith, co-owner of Defendant Jade Health and Wellness LLC, and wife to co-owner Defendant Apollo Smith.[2] (Doc. 8); *see* Fed. R. Civ. P. 4(e)(2)(A)-(C), 4(h)(1); Ariz. R. Civ. P. 4.1(d) and (i). The record also reflects on that same date, the summons and copy of the Complaint were served on Defendant Apollo Smith by leaving said documents at the Defendant's individual residence or usual place of abode. (Doc. 9.) Accordingly, Defendants were properly served. Defendants have not responded to the Complaint.

On July 10, 2025, Plaintiff requested entry of default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 10.) Default was entered the following day. (Doc. 11.) Plaintiff filed her Motion for Default Judgment on August 23, 2025. (Doc. 13.)[3] No response to the Motion has been filed.

## II.     Motion for Default Judgment

### A.     Legal Standard

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

---

[2] The record reflects that as an owner, Defendant Courtney Gaines Smith is designated by law to accept service on behalf of Defendant Jade Health and Wellness LLC. (Doc. 7.)

[3] Plaintiff certified that both her Application for Entry of Default (Doc. 10) and Motion for Entry of Default Judgment (Doc. 13) were served on Defendants by First Class Mail to: Jade Health and Wellness LLC 11673 W. Parkway Ln. Avondale, AZ 85323 and Courtney Gaines Smith & Apollo Smith 11673 W. Parkway Ln. Avondale, AZ 85323.

Fed. R. Civ. P. 55(a). Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In assessing a motion for default judgment, the district court first "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). Once jurisdiction is satisfied, the court must determine whether default judgment is proper under the *Eitel* factors. *See Eitel v.McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Specifically, a court should consider:

(1) the possibility of prejudice to the plaintiff[;]

(2) the merits of plaintiff's substantive claim[;]

(3) the sufficiency of the complaint[;]

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect[;] and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

**B.     Discussion**

    **1.     Jurisdiction**

"When entry of default is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli*, 172 F.3d at 712. Plaintiff asserts claims arising under the FLSA, AMWA, and AWA. (Doc. 1.) The Court has subject matter jurisdiction over

1  claims arising out of federal law, including the FLSA, pursuant to 28 U.S.C. § 1331 and
2  29 U.S.C. § 201, *et seq.* The Court also has subject matter jurisdiction pursuant 28 U.S.C.
3  § 1367 because Plaintiff's state law claims, under both the AMWA and AWA, are "so
4  related" to her FLSA claim that the Court has supplemental jurisdiction over them. Venue
5  and personal jurisdiction requirements are also satisfied because Defendants were properly
6  served and Defendants own and operate a mental health and drug rehabilitation services
7  company doing business in Maricopa County, Arizona. Defendants regularly conduct
8  business, have offices, and maintain business agents in Arizona, and Plaintiff is a resident
9  of the State of Arizona. Accordingly, the Court has jurisdiction over the parties. (Doc. 1.)

### 2. *Eitel* Factors

Having determined that this Court has both subject matter and personal jurisdiction in this action, the Court will examine whether entry of default judgment is proper under the *Eitel* factors.

#### a. The First, Fifth, Sixth, and Seventh *Eitel* Factors

When Defendants have not responded or participated in any litigation, the "first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Industries Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. March 27, 2020).

The first factor weighs in favor of default judgment because denying Plaintiff's Motion will leave her "without other recourse for recovery," *PepsiCo, Inc. v. California Security Cans.*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002), and prejudice would exist if Plaintiff's Motion were denied because she would lose the right to a "judicial resolution" of her claims. *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The fifth factor weighs in favor of default judgment because the well-pleaded factual allegations in the Complaint are taken as true, and there is no "genuine dispute of material facts" that would preclude granting the Motion. *PepsiCo*, 238 F.Supp.2d at 1177. The sixth factor considers whether the default was due to excusable neglect. Here, Defendants' failure to participate after being personally served does not indicate that

default was due to excusable neglect. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1071-1072 (D. Ariz. 2006). The seventh factor -- favoring decisions on the merits -- generally weighs against default judgment; however, "the mere existence of Rule 55(b) indicates that 'this preference, standing alone, is not dispositive,'" *PepsiCo*, 238 F.Supp.2d at 1177, and is not sufficient to preclude the entry of default judgment in this case. *Warner Bros. Entertainment Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004) (explaining that the seventh *Eitel* factor "standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered" and courts have concluded that "this factor does not weigh very heavily"). Here, a decision on the merits is impossible, given that Defendants failed to appear.

In sum, the first, fifth, sixth, and seventh factors weigh in favor of default judgment.

### b.    The Second and Third *Eitel* Factors

The second and third *Eitel* factors -- the merits of the claim and the sufficiency of the complaint -- are "often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [she] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F.Supp.3d 948, 962 (N.D. Cal. 2019). Here, the Court must first examine Plaintiff's employee status within the FLSA, AMWA, and AWA.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). It defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d).

The Court finds that Plaintiff was classified as an employee of Defendants and Defendants were classified as employers pursuant to the FLSA. Defendants had the authority to hire and fire employees, supervised and controlled work schedules and the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Defendants also directed and exercised control over Plaintiff's work and wages. (Doc. 1.) These allegations, taken as true, support that Defendants are employers and Plaintiff was an employee of Defendants under the FLSA.

Like the FLSA, the AMWA defines an "employee" as "any person who is or was employed by an employer." A.R.S. § 23-362(A). It defines an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). Since the definition of employee is the same under both the FLSA and AMWA, the Court's analysis as to Plaintiff's employee status under the FLSA applies to the AMWA as well.

Lastly, similar to the FLSA and AMWA, the AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The AWA defines "employer" as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). Thus, the Court's reasoning as to Plaintiff's employee status under the FLSA also applies under the AWA.

As noted above, in her Complaint, Plaintiff argues that she is entitled to unpaid wages, including minimum and overtime wages under the FLSA, AMWA, and AWA. Because the Court takes these allegations as true, *Geddes*, 559 F.2d at 560, and additionally has found that Defendants are employers and Plaintiff was an employee of Defendants, Plaintiff "has stated a claim on which [she] may recover." *Vietnam Reform Party*, 416 F.Supp.3d at 962.

Thus, the second and third *Eitel* factors support an entry of default judgment.

### c.  The Fourth *Eitel* Factor

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp.*, 438 F.Supp.2d at 1071.

Here, Plaintiff seeks unpaid wages, including minimum and overtime wages she is

1 owed under the FLSA, AMWA, and AWA along with liquidated damages.[4] Plaintiff is requesting $42,912 plus post-judgment interest, and to later request attorneys' fees and costs following the entry of default judgment. Of this $42,912 total, Plaintiff is requesting that $31,752, less the $600 in late payments, in trebled unpaid minimum wages and $11,760 in doubled unpaid overtime wages be awarded against all Defendants – Defendants Jade Health and Wellness LLC and Courtney Gaines Smith and Apollo Smith, jointly and severally.

Accordingly, taking Plaintiff's allegations as true, the Court finds that the amount requested is reasonable and not disproportionate or inappropriate. Thus, the fourth *Eitel* factor weighs in favor of default judgment.

Overall, the Court finds that the *Eitel* factors weigh in favor of entering default judgment against Defendants.

### 3. Damages

Having found that entry of default judgment is proper under the *Eitel* factors, the Court will turn to the issue of damages. Unlike the allegations in the Complaint, the Court does not take allegations relating to damages as true. *Geddes*, 559 F.2d at 560; *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Indeed, plaintiffs have the burden of "proving up" damages, and "if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Courts may rely on declarations submitted by the plaintiff in determining appropriate damages. *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498).

---

[4] When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to "unpaid minimum wages, [ ] unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Similarly, when an employer is found liable under the AMWA for failure to pay minimum wages, the employee is entitled to "the balance of the wages ... including interest thereon, and an additional amount equal to twice the underpaid wages ...." A.R.S. § 23-364(G). Likewise, when an employer is found liable under the AWA for failure to pay wages, "the employee may recover ... an amount that is treble the amount of the unpaid wages." *Id.* § 23-355(A).

According to her Motion and accompanying Declaration, the total compensatory damages of $42,912 is comprised of $31,752, less the $600 in late payments, in trebled unpaid minimum wages under the AMWA[5] and $11,760 in doubled federal overtime damages under the FLSA. (Docs. 13, 13-1); *see* 29 U.S.C. § 216(b); A.R.S. § 23-364(G); A.R.S. § 23-355.

Plaintiff is requesting that this entire amount be awarded against all Defendants – Defendants Jade Health and Wellness LLC and Courtney Gaines Smith and Apollo Smith, jointly and severally.[6] Plaintiff further requests post-judgment interest pursuant to 28 U.S.C. § 1961 and that the Court allow her to file a motion for attorneys' fees and costs should the Court grant default judgment.

The Court finds that Plaintiff's requested relief accurately calculates the damages she is statutorily entitled to and supported by Plaintiff's Declaration. Therefore, the Court finds it appropriate to award Plaintiff $42,912 in liquidated damages. Additionally, the Court finds that Plaintiff is entitled to her attorneys' fees and costs pursuant to 29 U.S.C § 216(b).

### III. Conclusion and Recommendation

Having reviewed Plaintiff's Motion and the underlying documents in the record, the Court finds that the *Eitel* factors weigh in favor of granting default judgment in favor of Plaintiff for the requested amount.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 13) be **GRANTED**;

---

[5] This amount engulfs Plaintiff's federal minimum wage damages and regular wage damages under the FLSA and AWA.

[6] The Ninth Circuit has held employers individually liable under the FLSA. *See, e.g.*, *Walsh v. Wellfleet Commc'ns*, 2021 WL 4796537, at *2 (9th Cir. Oct. 14, 2021). Likewise, the District of Arizona has held that employers may be individually liable under both the FLSA and the AMWA. *See, e.g., Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). In contrast, the AWA states individual liability is not authorized "against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Id.*

1  **IT IS FURTHER RECOMMENDED** that Plaintiff be awarded $42,912 plus post-judgment interest at the applicable statutory rate, against all Defendants, jointly and severally;

**IT IS FURTHER RECOMMENDED** that Plaintiff have no later than 21 days after entry of Judgment to file an application for attorneys' fees and costs.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 29th day of October, 2025.

Honorable Michael T. Morrissey
United States Magistrate Judge