IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Garcia, | NO. CV-25-02010-PHX-MTM |
| Plaintiff, | ORDER |
| v. | |
| Jade Health and Wellness LLC, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge Michael T. Morrissey. (Doc. 6). On October 30, 2025, the Magistrate Judge filed a Report and Recommendation ("R&R") with this Court granting Plaintiff's Motion for Entry of Default Judgment (Doc. 13) and awarding damages for unpaid wages and overtime wages against Defendants. (Doc. 14).[1]

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

To date, no objections have been filed. For the reasons set forth below, the Court modifies the Magistrate Judge's R&R. (Doc. 14).

## STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

## DISCUSSION[2]

Having reviewed the Magistrate Judge's R&R, Plaintiff's Motion, and supporting affidavit, the Court hereby modifies the Magistrate Judge's R&R. The Court agrees with the Magistrate Judge that entry for a default judgment and that Plaintiff's unpaid minimum wage damages of $31,152[3] are proper, however, the Court disagrees with the total damages awarded. (Doc. 14).

Plaintiff's Motion and the R&R calculated a total damage award of $42,912 by adding Plaintiff's trebled unpaid minimum wages and doubled unpaid overtime. (Id. at 9). Under the Fair Labor Standards Act ("FLSA"), an employer must pay an employee overtime "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Plaintiff stated in her affidavit that her regular rate of pay was $500 per week for eight (8) weeks, during which she worked 90 hours each week.

---

[2] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 14).

[3] This is a trebled amount under the Arizona Minimum Wage Act ("AMWA"), minus late payments, which engulfs Plaintiff's wage damages under the Fair Labor Standards Act ("FLSA") and Arizona Wage Act ("AWA").

(Doc. 13-1 at 2). The Court identified a discrepancy on Page 3 of Plaintiff's Motion (Id. at 3) and Page 9 of the R&R (Doc. 14 at 9), indicating that Plaintiff's unpaid overtime wages are $5,880, calculated using a federal wage rate of $7.35. The federal minimum wage is $7.25 per hour. See 29 U.S.C. § 206(a)(1)(C). In this case, the overtime damages are determined by multiplying the federal wage rate ($7.25) by one and one-half (1.5) times the total number of overtime hours, which in this instance is 400 hours, totaling $4,350. 29 U.S.C. § 207(a)(1); (Id.). Further, under Section 216(b) of the FLSA, Plaintiff is entitled to liquidated (double) damages of unpaid overtime. See 29 U.S.C. § 216(b). This would entitle Plaintiff to overtime damages of $8,700, not the $11,760 requested in Plaintiff's Motion and stated in the R&R. Therefore, the Court will award $39,852 in damages.

## CONCLUSION

Accordingly,

**IT IS ORDERED modifying** the Report and Recommendation of the Magistrate Judge. (Doc. 14.).

**IT IS FURTHER ORDERED granting** Plaintiff's Motion for Default Judgment. (Doc. 13).

**IT IS FURTHER ORDERED** that Plaintiff Kathleen Garcia is entitled to judgement in the amount of $39,852 against all Defendants, in which they shall be jointly and severally liable. This amount shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED directing** the Clerk of Court enter judgement accordingly.

**IT IS FURTHER ORDERED directing** Plaintiff to file a motion for attorney fees and costs on or before December 8, 2025 pursuant to LRCiv 54.2**.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

Dated this 17th day of November, 2025.

_____
Stephen M. McNamee
Senior United States District Judge